JOURNAL ENTRY AND OPINION
{¶ 1} Appellant J.K., a minor (d.o.b. 03/13/86), appeals the ruling of the Cuyahoga County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child for an act constituting aggravated robbery. For the reasons stated below, we affirm.
 I {¶ 2} On March 31, 2002, a complaint of delinquency was filed wherein J.K. was charged with aggravated robbery with a firearm specification. On March 24, 2003, an adjudicatory hearing was held. At this hearing, the victims, Tandy Farley ("Farley") and Scott Patterson ("Patterson"), testified that, while walking through the parking lot of The Tavern Company restaurant and bar in Cleveland Heights, Ohio, two males approached and one asked Patterson for the time. The approaching male pulled out a gun and pointed it at Patterson, ordered Farley to stand to the side, and ordered Patterson to give him everything he had.
 {¶ 3} While Farley was standing to the side, the other male, identified as J.K., ordered her to hand over her purse. The two men then fled the scene. J.K. returned to the scene and told Farley not to watch where he was going. Farley and Patterson returned to The Tavern Company and called police.
 {¶ 4} The police were given detailed descriptions of the two males, which were immediately broadcasted over police radio. Shortly thereafter, Officer Block ("Block") radioed that he had one suspect in custody. Block testified that while approaching the intersection of Cedar and Lee, he observed a male fitting the description of the assailant standing in line at Whitmore's, a local eating establishment. Block testified that when J.K. noticed Block, he crouched down behind a bench. As Block approached, J.K. further attempted to hide. Block apprehended the suspect and detained him for potential identification.
 {¶ 5} Farley and Patterson were brought to the scene in a police cruiser. At first, Farley was unable to identify the suspect due to the distance from which she was asked to identify him.[1] Upon the suspect being brought closer to the vehicle, Farley positively identified J.K. as the male who took her purse while the other male was holding the weapon. Patterson testified that he was unable to identify either male, as he was preoccupied with the gun pointed at him.
 {¶ 6} Upon hearing the above testimony, J.K. was determined to be delinquent of an act that, if committed by an adult, would constitute aggravated robbery with a firearm. J.K. was committed to the Ohio Department of Youth Services for a period of three years on the firearm specification and one year on the aggravated robbery charge, to be served consecutively. J.K.'s period of confinement was ordered not to exceed his 21st birthday.
 {¶ 7} Following the adjudication, J.K. filed a timely appeal and advances one assignment of error for our review.
 II {¶ 8} In his sole assignment of error, J.K. argues that "the weight of the evidence does not support a finding of delinquency for aggravated robbery." For the reasons stated below, we affirm the findings of the trial court.
 {¶ 9} Manifest weight concerns whether the jury, or in this case the judge, lost its way, creating a manifest miscarriage of justice. State v. Thompkins (1987), 78 Ohio St.3d 380. "To the extent civil manifest weight review is less demanding than that in criminal matters, in juvenile proceedings such review should more closely approximate the criminal standard." In re N.B., Cuyahoga App. No. 81392, 2003-Ohio-3656. The credibility of witnesses and the weight given to their testimony are primarily matters for the trier of fact. Thompkins, supra.
 {¶ 10} J.K. argues that the identification made in this case is unreliable. He contends that the testimony adduced at the hearing revealed that (1) Farley's attention was drawn to the weapon, not to the individuals involved; (2) the absence of corrective eyewear prevented Farley from accurately identifying the assailants; (3) J.K. had to be brought "close, close" to the police cruiser in order for Farley to identify him; and (4) there were discrepancies
 {¶ 11} in the victims' descriptions of J.K. We find J.K.'s arguments unpersuasive.
 {¶ 12} In State v. Gross, 97 Ohio St.3d 121,2002-Ohio-5524, the Supreme Court of Ohio addressed factors to be considered when determining the accuracy of an identification. The court stated:
"We have previously recounted those factors to be considered:(1) the opportunity of the witness to view the criminal at thetime of the crime, (2) the witness' degree of attention, (3) theaccuracy of the witness' prior description of the criminal, (4)the level of certainty demonstrated by the witness at theconfrontation, and (5) the length of time between the crime andthe confrontation."
 {¶ 13} Id. In the case sub judice, the police were called immediately after the crime occurred, descriptions of the suspects were given, and a dispatch was made. These events occurred so quickly that J.K. was apprehended only a couple of blocks away while Farley was still filling out a police report. Farley was then brought to the place of apprehension and positively identified appellant. The opportunity to view the suspect occurred in close proximity to the crime.
 {¶ 14} Regarding Farley's attention and accuracy, J.K. argues that the descriptions of the suspects given by Farley and Patterson do not appropriately describe him. Specifically, Farley described the suspect as being 5'6" to 5'8" and 160 to 180 pounds. J.K. is, in fact, 6'3" and 185 pounds. Although Farley's physical description was incorrect in relation to height, her weight description was not wholly inconsistent. Also, J.K. does not dispute that Farley's description of his clothing was accurate. We find Farley's ability to accurately identify J.K., considering she had contact with him twice, to be persuasive. Farley first saw J.K. as he took her purse and then again when he returned and told her not to watch as he and the other suspect fled. J.K.'s return trip only helps to corroborate the fact that Farley was able to identify him.
 {¶ 15} Also, Farley was certain about her description and identification of J.K. The fact that Farley was not wearing corrective eyewear at the time does not, by itself, preclude a proper identification. J.K. has failed to establish that Farley's vision was so impaired that she would be unable to identify someone who came within a few feet of her. The fact that she asked the officer to bring J.K. closer speaks as much to her attention to detail and certainty as it does her lack of perfect vision.
 {¶ 16} We find that there is competent credible evidence in this case. The judgment of the trial court did not result in a manifest miscarriage of justice.
 {¶ 17} The judgment is affirmed. Judgment affirmed.
Blackmon, P.J., and Gallagher, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Farley testified that she was not wearing her contact lenses or other corrective eyewear during the night in question.