JOURNAL ENTRY AND OPINION
{¶ 1} Juvenile B.S. appeals from the juvenile court's determination that he is delinquent for having committed an assault on a police officer. For the reasons set forth below, we affirm.
 {¶ 2} On March 14, 2007, a delinquency complaint was filed against B.S. which alleged that he had committed a violation of R.C. 2917.11, the statute defining aggravated riot, and had committed a violation of R.C. 2903.13, the statute defining assault on a peace officer.
 {¶ 3} Defendant entered a denial of the charges and the matter proceeded to an evidentiary hearing on June 4, 2007.
 {¶ 4} As the hearing commenced, the litigants stipulated that B.S. was a juvenile at the time of the alleged acts. The state then presented evidence that just after the end of the school day at Cleveland Heights High School, Cleveland Heights Police Officer Dallas Guyton was on foot patrol and observed students congregating in large groups. He became concerned and called for his partner, Officer Mathias, then got into Mathias's vehicle. The officers observed a black vehicle in the parking lot of a nearby restaurant. A large group of juveniles surrounded the vehicle and the officers instructed the driver to leave the area. The occupants of the car, C.P. and P.P., left the restaurant but pulled into an adjacent lot.
 {¶ 5} Officer Mathias then walked over to the vehicle, intending to cite the driver for failure to disburse. Others began to congregate around the car and one of *Page 4 
the occupants of the car exited the vehicle and confronted Officer Mathias. Officer Guyton instructed her to get back into the car, then B.S. approached. According to Officer Guyton, B.S. took off his shirt, confronted the officer and said that he was "going to f*** [Guyton] up."
 {¶ 6} Officer Guyton tried to grab B.S. and B.S. punched him in the face and chest. As they wrestled to the ground, one of the occupants of the vehicle attempted to help B.S. break free of the police.
 {¶ 7} As a result of this altercation, a large group of students came to the area. Some in the group cursed at the police and shouted at the officers to leave their family alone.
 {¶ 8} On cross-examination, Officer Guyton stated that he sustained minor scrapes but was not injured.
 {¶ 9} Officer Michael Mathias testified that there had been a large fight at the school on the previous day. Then, on March 13, 2007, the officers noticed a large group near the black vehicle in the restaurant parking lot and instructed the driver to leave because they feared a potential problem. After the driver turned into the adjacent lot, Officer Mathias prepared to issue her a citation for failure to disburse. The driver refused to give the officer her driver's license and said that she did not want to leave the area because her brother had been attacked during the previous day. At this time, B.S. approached Officer Guyton. According to Officer Mathias, B.S. was yelling and swinging at Guyton, and punched him in the face and chest. As *Page 5 
the officers arrested B.S., other persons from the group struck Mathias in the back of the head and back. Other officers arrived on the scene and arrested C.P. and P.P. for aggravated rioting.
 {¶ 10} B.S. elected to present evidence and offered testimony from Brittany Echols, Jessica Woods, and Cameron Bounds.
 {¶ 11} Brittany Echols testified that B.S. is her close friend. She stated that the officers threw him onto his sister's car. He asked what he did and they threw him on the ground and arrested him. She denied that he struck Officer Guyton. She admitted, however, that she was not there when B.S. initially began speaking with the police.
 {¶ 12} Jessica Woods testified that she was going to walk B.S. home from school that day. She observed the officers arrest B.S. He had his hands up and he did not strike the officers, but they choked B.S., slammed him to the ground and told him to stop resisting.
 {¶ 13} Cameron Bounds testified that the officer cursed at the driver of the car, then choked B.S. and slammed him against the car. Bounds stated that he did not see B.S. strike the officers. He admitted that when he got to the scene, however, B.S. was already standing by the car and he did not know how long he had been there.
 {¶ 14} The trial court subsequently dismissed the aggravated riot allegations against B.S. but concluded that the assault allegations were proved beyond a *Page 6 
reasonable doubt and that B.S. was therefore delinquent in connection with this act. B.S. was placed on community control and ordered to apologize to the officers and to perform 25 hours of community service. He now appeals and assigns one error for our review.
 {¶ 15} The assignment of error states:
 {¶ 16} "The trial court erred in its judgment because it found the juvenile to be delinquent of assault in violation of O.R.C. 2907.02(A) (C)(3) which was against the weight of the evidence."
 {¶ 17} In State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717, the court set forth the following test to be utilized when addressing the issue of manifest weight of the evidence:
 {¶ 18} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720. See, also, In re J.K., Cuyahoga App. No. 82824, 2004-Ohio-1792.
 {¶ 19} In this matter, we cannot say the trier of fact lost its way and created a manifest miscarriage of justice by finding B.S. delinquent for committing an assault. The testimony of the officers clearly and consistently indicated that B.S. approached as Officer Mathias stopped the black vehicle, and that as Officer Guyton came to the *Page 7 
area, B.S. struck him in the face and chest. Although B.S. offered evidence to refute the state's case, these witnesses were friends of B.S., and several of them acknowledged that they did not see the initial part of the interaction.
 {¶ 20} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., AND MELODY J. STEWART, J., CONCUR *Page 1